IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| JOSE DOLORES MARTINEZ, § | | |
| Individually and On Behalf of the § | | |
| Estate of FELIX MARTINEZ, § | | |
| Deceased, and On Behalf of All Those § | | |
| Entitled to Recover for the Wrongful § | | |
| Death of FELIX MARTINEZ, § | | |
| Plaintiffs, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. B-00-049 | |
| § | | |
| FORD MOTOR COMPANY; AURORA § | | |
| LOSOYA; and DAGOBERTO MORALES, § | | |
| Defendants. § | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Plaintiff's, Jose Dolores Martinez ("Mr. Martinez"), Motion to Remand. (Docket No. 3). Defendant, Ford Motor Company ("Ford"), filed a Response to Plaintiff's Motion for Remand. (Docket No. 5).

## FACTUAL SUMMARY

This cause was originally filed in the 357th Judicial District Court, Cameron County, Texas on February 11, 2000. Ford removed the case to this Court on March 31, 2000 on the basis of diversity jurisdiction. Ford asserts that Defendants Aurora Losoya and Dagoberto Morales were fraudulently joined to defeat diversity jurisdiction.

The cause of action in this case arises from an incident which occurred on March 31, 1998 in which the Plaintiff's decedent, Felix Martinez, crossed the median in his vehicle and ran into the vehicle in which Defendants Losoya and Morales were riding. Plaintiff alleges causes of action for

negligence, strict liability, breach of warranty, misrepresentation, violations of the Texas Deceptive Trade Practices Act, and gross negligence.

## RECOMMENDATION

In order to prove fraudulent joinder, a defendant must show one of three following situations exist: (a) there is an outright fraud in the plaintiff's recitation of jurisdictional facts, (b) there is no possibility the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court, or (c) the diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Madison v. Vintage Petroleum Inc.*, 114 F.3d 514, 516 (5th Cir.1997). The defendant bears a heavy burden of demonstrating that such a fraudulent joinder has occurred. *Id.* at 516. Further, the Court must initially resolve in favor of the plaintiff all disputed questions in the state law and all contested issues of substantive fact. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).[1]

In applying this case law to the instant case, it is clear that the only way Ford can claim fraudulent joinder is by making the argument that Mr. Martinez has no cause of action against Defendants Losoya and Morales. In Mr. Martinez's Original Petition (Docket No. 1), the only reference to a cause of action against Defendants Losoya and Morales is the following sentence found on page 7, paragraph XII, "Plaintiff would also allege that Defendants Losoya and Martinez were negligent and said negligence was a proximate cause of the occurrence." Mr. Martinez alleges no facts to support this allegation in either his Original Petition or his Motion to Remand. Further, Ford has submitted the Police Report of the accident as Exhibit A to its Notice of Removal (Docket No.

---

[1] In resolving a Motion to Remand, the Fifth Circuit has explicitly held that the Court may consider evidence outside the pleadings and evaluate a claim of fraudulent joinder as it would evaluate a motion for summary judgment. *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994).

1). In this police report, the officer indicates that it was Plaintiff's decedent who moved across to hit the co-Defendants' vehicle on the other side of the roadway. Mr. Martinez has not offered any evidence to the contrary, therefore the allegation of negligence against Defendants Losoya and Morales are completely unsupported.

Because Mr. Martinez has not included any factual allegations in support of the negligence cause of action against Defendants Losoya and Morales, this Court finds Plaintiff's assertions are conclusory in nature and that he does not have a cause of action against them. This Court concludes that these two defendants were fraudulently joined.

IT IS therefore **RECOMMENDED** that Plaintiffs' Motion to Remand be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of August, 2000.

John Wm. Black
United States Magistrate Judge